# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5714-17T2

R.L.,

     Plaintiff-Respondent,

v.

L.A.W.,[1]

     Defendant-Appellant.

_____

Submitted December 8, 2020 – Decided January 14, 2021

Before Judges Yannotti and Haas.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Morris County, Docket No. FV-14-1079-12.

L.A.W., appellant pro se.

R.L., respondent pro se.

PER CURIAM

---

[1] We use initials to identify the parties and others to protect the identity of plaintiff, who was found to be a victim of domestic violence. See R. 1:38-3(c)(12).

Defendant appeals from an amended final restraining order (FRO), entered by the Family Part on June 28, 2018, pursuant to the Prevention of Domestic Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We reverse the provision of the June 28, 2018 order, which prohibits defendant from having any communications with two of her children, and remand for further proceedings on plaintiff's motion to modify the existing FRO.

I.

This appeal arises from the following facts. The parties had a lengthy relationship and they had three children: Jo.L. (born May 1994), Je.L. (born February 1999), and Ji.L. (born April 2000). On May 19, 2012, the parties had an argument in their home, during which defendant slapped plaintiff and destroyed some of his property. A judge granted plaintiff's application for a temporary restraining order (TRO) against defendant. Among other things, the TRO gave plaintiff exclusive possession of the parties' home and temporary custody of the children.

On June 20, 2012, the trial court granted plaintiff's application for a FRO. Among other provisions, the FRO granted plaintiff exclusive possession of the home, prohibited defendant from plaintiff's place of employment, barred defendant from contacting plaintiff, and prohibited her from possessing any

2

weapons. The FRO also gave plaintiff temporary custody of the children and granted her parenting time with the children as arranged through the parties' attorneys.

On September 26, 2012, the trial court entered orders in a proceeding under the FM docket, which awarded the parties joint legal custody of the children and designated plaintiff the parent of primary residence.[2] The court granted defendant parenting time, which was to be supervised by Peaceful Measures, pending a custody and parenting time evaluation by an independent expert.

On September 28, 2012, the court amended the FRO to permit defendant to contact plaintiff via non-harassing and non-threatening emails concerning the children. The order also allowed the parties to communicate telephonically "in the case of a true medical emergency." In addition, the order allowed defendant to have Skype communications with the children and deferred the decisions on custody and parenting time to the court in the FM docket.

On December 18, 2014, the court filed an amended FRO. Among other things, the order provided that the parties may participate in parenting sessions

---

[2] The FM docket includes divorce and marital nullity proceedings. See N.J. Dept. of Children and Families v. I.S., 214 N.J. 8, 22 n.3 (2013).

with Dr. Sharon Ryan Montgomery in her office.  The order also provided that defendant could utilize Skype to communicate with her children.

In February 2016, a Morris County grand jury returned an indictment charging defendant with various offenses, which arose out of events that occurred on May 17, 2015.  Defendant was later tried before a jury and found guilty of aggravated assault upon plaintiff, burglary, possession of a firearm for an unlawful purpose, two counts of endangering the welfare of a child (Je.L, and Ji.L, respectively), and certain other offenses.

On March 28, 2018, the court sentenced defendant to a term of eight years of incarceration, with an eighty-five percent period of parole ineligibility, pursuant to the No Early Release Act, N.J.S.A. 2C:43-72.  The judge ordered that defendant was to have no contact with Je.L. or Ji.L. for six months after the sentencing date.  The judge entered a judgment of conviction dated April 6, 2018.[3]

Thereafter, plaintiff filed a pro se motion in the Family Part to amend the December 18, 2014 FRO to add the parties' three children as persons protected

---

[3] We note that defendant appealed from the judgment of conviction.  The appeal was docketed under A-4297-17.  In an opinion also filed this date, we affirm defendant's convictions.

by the order. On June 28, 2018, the judge held a hearing on the motion. Defendant was present for the hearing. She also was self-represented.

Plaintiff informed the judge that on May 17, 2015, defendant entered the parties' home, in violation of the FRO. She had a gun, knife and bullets, and tried to shoot him in front of two of the children. Plaintiff stated that one of the children was forced to punch defendant to have her let go of the gun. Another child barricaded himself in his bedroom during the incident and, according to plaintiff, became withdrawn since. He asserted that because defendant refused to accept a plea deal, the children were forced to testify at her trial, which was very upsetting for them.

Plaintiff also stated the children remained upset about the incident and wanted to be added as protected parties under the FRO, but they did not want to face defendant in the courtroom. Plaintiff represented to the judge that he had spoken with the three children and confirmed their wishes. He said he had signed and notarized statements from Je.L. and Ji.L., but Jo.L. was not able to complete the statement in time. The judge told plaintiff, "Your representation is sufficient to the court," and the judge did not review the statements.

In response, defendant told the judge she did not know what the hearing was about because she only received a notice that plaintiff was seeking a

modification of the FRO, and she "was never given a copy of" plaintiff's motion papers. The judge provided defendant with a copy of the papers and informed her that plaintiff had accurately summarized the motion.

The judge cautioned defendant not to make statements on the record pertaining to her criminal matter and explained that he was considering modifying the terms of the FRO to prohibit contact between defendant and the children, now that the children were at an age for which Dr. Montgomery's services were no longer appropriate.

Defendant argued that the children should themselves request that the court add them as protected parties under FRO and asked the judge what would happen if the children wished to contact her. The judge responded that the children would not be precluded from contacting her, but that she would be barred from responding unless they moved to modify the FRO or she so moved.

The judge explained that since defendant's only contact with the children was through the reunification services with Dr. Montgomery, and those services were no longer appropriate, the prior provision "flows into a no-contact" provision. The judge stated that such a change in the FRO did not require the children's presence in court because the court was not "readdressing any matter

on the merits," but merely modifying the prior order in light of the passage of time and the fact that the children were no longer minors.

After the colloquy, the judge stated that plaintiff's request to modify the restraining order was appropriate. The judge again informed defendant she could move to modify the order when it was appropriate to do so, such as if the children informed her that they wished to have contact with her.

The judge placed a call to Jo.L., who stated that he was unable to speak because he was about to begin a meeting. The judge informed Jo.L. he would not include him in the modified order. Jo.L. told the judge he understood.

The judge then asked defendant whether she understood the proceedings and whether she had any questions regarding the conditions of the order. She responded that she did not have questions and that she understood the conditions.

The judge accordingly entered the amended FRO, which states in part that: "[Je.L.] and [Ji.L.] are listed as protected parties[.] All provisions of visitation are removed and [will] be addressed in the future under the FM case." The judge deleted the provision which stated that the parties may both be present during sessions with Dr. Montgomery, and the provision permitting defendant to have

Skype communication with the children. All other terms of the December 18, 2014 FRO remained the same. This appealed followed.

## II.

On appeal, defendant contends that the Family Part judge was unclear regarding the facts of the parties' case and its procedural history. She claims that at the June 20, 2012 FRO hearing, the court found she did not commit any acts of domestic violence. She asserts that the judge erred by considering the children "protected parties" under the prior orders.

She further argues that the judge was mistaken in his interpretation of the December 18, 2014 FRO. She states that the order only permitted the parties to attend parenting sessions with Dr. Montgomery, whereas her supervised visitation with the children occurred through another agency.

Defendant also asserts that, pursuant to the most recent FRO, she was entitled to telephone and Skype contact with the children. She contends the court lacked the "complete record" for modification of the FRO, which is required by caselaw and the judge "was just making it up as he went along."

In response to these arguments, plaintiff contends the judge was aware of the prior history of the case, including the crimes plaintiff committed on May

17, 2015. He asserts plaintiff irreparably harmed the children and they deserve protection from her.

A trial court's findings of fact "are binding on appeal when supported by adequate, substantial, credible evidence." Cesare v. Cesare, 154 N.J. 394, 412 (1998). We will set aside a trial court's findings only when "'they are so manifestly unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Ibid. (quoting Rova Farms Resort, Inc. v. Inv'rs Ins. Co. of Am., 65 N.J. 474, 484 (1974)). We do not, however, owe any deference to the trial court's interpretation of the law, which we review de novo. Manalapan Realty, LP v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

Rule 1:7-4 requires the court to "find the facts and state its conclusions of law thereon in all actions tried without a jury." A trial court "must state clearly its factual findings and correlate them with the relevant legal conclusions." Curtis v. Finneran, 83 N.J. 563, 570 (1983). We cannot engage in meaningful appellate review if the trial court does not set forth the reasons for its decision. Yueh v. Yueh, 329 N.J. Super. 447, 469 (App. Div. 2000) (citing Salch v. Salch, 240 N.J. Super. 441, 443 (App. Div. 1990)).

N.J.S.A. 2C:25-29(d) allows a court to dissolve or modify a final restraining order entered pursuant to the PDVA "[u]pon good cause shown." In determining if the applicant has shown good cause, the court should consider the factors set forth in Carfagno v. Carfagno, 288 N.J. Super. 424, 435 (Ch. Div. 1995). Sweeney v. Honachefsky, 313 N.J. Super. 443, 447-48 (App. Div. 1998). Those factors are:

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.
>
> [Carfagno, 288 N.J. Super. at 435.]

N.J.S.A. 2C:25-29(b) also allows the court to "grant any relief necessary to prevent further abuse," including:

> [a]n order restraining the defendant from making contact with the plaintiff or others, including an order forbidding the defendant from personally or through an

10

agent initiating any communication likely to cause annoyance or alarm including, but not limited to, personal, written, or telephone contact with the victim or other family members, or their employers, employees, or fellow workers, or others with whom communication would be likely to cause annoyance or alarm to the victim.

[N.J.S.A. 2C:25-29(b)(7).]

Here, the judge did not provide sufficient findings of fact to support his decision to modify the FRO. The judge correctly found that the provision of the December 18, 2014 FRO, which permitted the parties to meet with Dr. Montgomery for parenting sessions, was no longer necessary since the children had reached adulthood. This finding, however, did not address why the court added the children as protected parties and informed defendant that she may not have contact with them, either directly or through a third party.

The judge also did not explain why he had deleted the provision of the FRO, which allowed her to have Skype communication with the children. There is nothing in any of the prior orders that conditions the Skype communications on the children being minors, or states that such communications will cease when the children turn eighteen years of age.

The judge also did not address the Carfagno factors. We note that most of those factors pertain to a defendant's request to dissolve a restraining order,

and this was not the basis of plaintiff's motion. However, factor nine requires the court to consider the good faith of the moving party in seeking the modification. Moreover, factor eleven requires the court to consider any other matters the court deems relevant. The trial court did not address those factors.

In addition, as noted, N.J.S.A. 2C:25-29(b)(7) permits the court to add family members of a victim of domestic violence children as protected parties where defendant's contacting them would likely cause the victim to suffer annoyance or alarm. We note that the orders previously entered by the courts did not prohibit defendant from all communications with Je.L. and Ji.L.

Indeed, the September 26, 2012 order entered in the FM docket allowed defendant to have supervised visitation, and orders entered in this matter on September 27, 2012 and December 18, 2014, permitted defendant to utilize Skype to communicate with the children. While the events of May 17, 2015, and defendant's criminal convictions may have fundamentally changed her relationship with her children, the court made no findings to explain the need for the prohibition on further communications with Je.L. and Ji.L.

Furthermore, N.J.S.A. 2C:25-29(d) provides that a FRO may be dissolved or modified upon application "only if the judge who dissolves or modifies the order is the same judge who entered the order, or has available a complete record

12

of the hearing or hearings on which the order was based." The complete record must include, "at a minimum, all pleadings and orders, the court file, and a complete transcript of the final restraining order hearing." Kanaszka v. Kunen, 313 N.J. Super. 600, 606 (App. Div. 1998). It is not clear from this record before us that the judge had access to the complete record of the prior proceedings upon which the prior orders were based.[4]

We also note that N.J.S.A. 2C:25-19(d) defines "[v]ictim of domestic violence" to include "any person who is 18 years of age or older or who is an emancipated minor . . . ." N.J.S.A. 2C:25-29(b)(3) provides that a FRO "shall protect the safety and well-being of the plaintiff and minor children," while N.J.S.A. 2C:25-29(b)(14) permits the court to "grant[] any other appropriate relief for the plaintiff and dependent children . . . ."

In Filippone v. Lee, 304 N.J. Super. 301, 310 (App. Div. 1997), we stated that the Act accords emancipated minors "the right themselves to seek protection under the Act." Thus, if defendant's children believe they are victims of

---

[4] On appeal, defendant asserts that the court never made a finding that she committed an act of domestic violence. We disagree. The June 20, 2012 FRO states, "For reasons placed on the record the court finds defendant did commit an act of domestic violence." Indeed, without that finding, the FRO would not have been entered.

domestic violence, they may file their own complaint and seek relief under the PDVA.

However, where, as here, plaintiff seeks to modify an FRO to include emancipated children as protected parties and to prohibit defendant from having any communications with them, the basis for such relief must be established under N.J.S.A. 2C:25-29(b)(7). Plaintiff must show that such communications "would be likely to cause annoyance or alarm" to plaintiff, the victim of defendant's acts of domestic violence. Ibid.

Accordingly, we reverse the provision of the order of March 28, 2018, which barred defendant from having communications with Je.L. and Ji.L. and remand the matter to the trial court for further consideration of plaintiff's motion for modification of the FRO. The other provisions of the March 28, 2018 order shall remain in full force and effect pending further order of the trial court.

On remand, the court shall consider whether the modification of the FRO that plaintiff seeks is warranted under N.J.S.A. 2C:25-29(b)(7). In this regard, the court shall consider whether plaintiff is the appropriate party to seek a prohibition on defendant's communications with her emancipated children, or whether the children should seek such relief in their own action.

If the court finds that plaintiff's request for modification of the FRO is warranted under the circumstances, the court shall consider the <u>Carfagno</u> factors in deciding whether plaintiff has shown good cause for the modification. The court shall make appropriate findings of fact and conclusions of law, as required by <u>Rule</u> 1:7-4.

III.

Defendant also argues that only plaintiff was "covered" under the prior FROs, not the children. She asserts that since the children have reached adulthood, they should themselves apply for a restraining order if they believe such relief is warranted.

Defendant contends she was never a danger to her children and plaintiff coerced the children to have the court prohibit defendant from having any communications with them. She argues that the court's modification of the FRO was procedurally improper, since neither Je.L. nor Ji.L.were present at the hearing and did not testify.

In response, plaintiff asserts that Je.L. and Ji.L. were victims of domestic violence. He contends the Family Part judge understood that Je.L. and Ji.L. did not want to testify in defendant's presence because they had been traumatized by testifying against their mother at her criminal trial.

We see no need to address these additional arguments, which the parties can raise in the remand proceedings. We note, however, that the Family Part judge did not make a finding that Je.L. or Ji.L. was a victim of domestic violence under the PDVA. Moreover, as we have explained, the judge did not make the findings of fact and conclusions of law required to modify the FRO and prohibit defendant from any further communications with Je.L. and Ji.L.

Reversed and remanded for further proceedings in conformity with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5714-17T2