713 A.2d 565

IN THE MATTER OF ANNEMARIE KANASZKA, PLAINTIFF–RESPONDENT, v. DONALD B. KUNEN, JR., DEFENDANT–APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued telephonically June 1, 1998 [1]—Decided July 8, 1998.

---

[1] Originally scheduled for argument June 3, 1998 but argued telephonically on June 1, 1998.

Before Judges KING, CUFF and FALL.

*Allen J. Littlefield* argued the cause for appellant (*Kotlikoff, Littlefield & Fishman,* attorneys; *Mr. Littlefield,* on the brief).

*Thomas J. Hurley* argued the cause for respondent (*Archer & Greiner,* attorneys; *Mr. Hurley,* on the brief).

The opinion of the court was delivered by

FALL, J.S.C. (temporarily assigned).

In this appeal we examine the procedure and criteria to follow in considering an application to dismiss a final restraining order entered pursuant to the Prevention of Domestic Violence Act (Act), *N.J.S.A.* 2C:25–17 to –33. Defendant appeals from denial of his application to dissolve a final restraining order. We affirm.

The parties were involved in a dating relationship for more than two years. Plaintiff filed a domestic violence complaint against defendant on September 25, 1995. The record supplied does not contain a copy of the actual complaint, although a "Family Court Affidavit" executed by plaintiff on September 25, 1995, completed

as part of the complaint procedure, is submitted. That affidavit details a history of alleged assaultive and threatening conduct by defendant. After a hearing in which both parties participated, a final restraining order was entered on October 3, 1995 by Judge Colalillo. On February 12, 1997 defendant filed a motion seeking dissolution of the restraining order. In his supporting certification, defendant states he has fully complied with the restraining order: he has had no oral, written or personal communication or contact with plaintiff since October 3, 1995; he has not been the subject of any domestic violence allegations or complaints; he does not have a dependence on or abuse alcohol or drugs; he has been in good moral standing in his community and never been convicted of a crime; and he desires to pursue a career in law enforcement but cannot do so because of the restraining order. *See* 18 *U.S.C.A.* § 922(g)(8)(prohibiting persons from possessing weapons where there is a domestic violence restraining order against them).

Plaintiff filed a certification in opposition. She agrees defendant has not violated the final restraining order, but expresses continued fear of him. She outlines a detailed history of mental and physical abuse perpetrated against her by defendant during their dating relationship. Plaintiff states the viability of the restraining order and fear of reprisal are the only things saving her from defendant's mental and physical abuse. Plaintiff contends she is in counseling due to defendant's abuse and has been unable to have a relationship with a man, for fear of being abused.

The motion was heard before Judge DiCamillo on March 21, 1997, apparently due to the reassignment of Judge Colalillo. The Act addresses the issue of requests for dismissal of final restraining orders, as follows:

> Upon good cause shown, any final order may be dissolved or modified upon application to the Family Part of the Chancery Division of the Superior Court, but only if the judge who dissolves or modifies the order is the same judge who entered the order or has available a complete record of the hearing or hearings on which the order was based.

[*N.J.S.A.* 2C:25–29d.]

Defendant did not support his motion to dismiss with a transcript of the October 3, 1995 hearing.

Domestic violence is a serious problem in our society. It consists of a pattern of abusive and controlling behavior injurious to its victims. *Cesare v. Cesare,* 154 *N.J.* 394, 397–98, 713 *A.*2d 390, 391 (1998). Those who commit acts of domestic violence have an unhealthy need to control and dominate their partners and frequently do not stop their abusive behavior despite a court order. *State v. Hoffman,* 149 *N.J.* 564, 585, 695 *A.*2d 236 (1997). The Act was intended to assure victims of domestic violence the maximum protection from abuse the law can provide. *N.J.S.A.* 2C:25–18. *See Cesare,* 154 *N.J.* at 399, 713 *A.*2d at 392; *A.B. v. L.M.,* 289 *N.J.Super.* 125, 130, 672 *A.*2d 1296 (App.Div.1996); *Corrente v. Corrente,* 281 *N.J.Super.* 243, 247, 657 *A.*2d 440 (App.Div.1995); *Peranio v. Peranio,* 280 *N.J.Super.* 47, 53, 654 *A.*2d 495 (App.Div.1995). When confronted with an application to dissolve a final restraining order, the court should carefully consider the particular facts and circumstances of the case within the context of the intent of the Legislature to protect victims. In considering an application to dissolve a restraining order based upon an alleged reconciliation, we noted:

> When confronted with a party's request to vacate a domestic violence order on the ground of reconciliation, the court should closely scrutinize the record to determine whether there is a likelihood that violent conduct will be repeated. The court should carefully consider the factors set forth in *N.J.S.A.* 2C:25–29a before removing the shield of protection afforded by the restraining order. *See Torres v. Lancellotti,* 257 *N.J.Super.* at 131, 607 *A.2d* 1375; *cf. Carfagno v. Carfagno,* 288 *N.J.Super.* at 436, 672 *A.2d* at 757 (setting out factors which the court should consider when faced with an application to dissolve a domestic violence order for reasons other than reconciliation of the parties).
>
> [*A.B. v. L.M.,* 289 *N.J.Super.* at 131, 672 *A.2d* 1296.]

We extend that reasoning to any application to dissolve a final restraining order. With protection of the victim the primary objective, the court must carefully scrutinize the record and carefully consider the totality of the circumstances before removing the protective shield.

The confusion and difficulty that can result when a transcript is not furnished is evident from the record of this case. In her opposition certification, plaintiff details several prior incidents of domestic violence she contends supports her continued fear of defendant. In response, the following colloquy took place between the motion judge and counsel for defendant:

> MR. LITTLEFIELD: If I may, Your Honor, the original restraining order was consented to by my client, did not testify that—what happened was—
>
> THE COURT: There's no consent to restraining orders in the State of New Jersey.
>
> MR. LITTLEFIELD:—the plaintiff—well, I understand that, but what happened was, Your Honor, and I believe—
>
> THE COURT: Go ahead.
>
> MR. LITTLEFIELD:—the Judge (indiscernible) records reflect we would reflect this. The plaintiff got up, stated her position. Halfway through it my client said, look, Your Honor, I don't want anything to do with her, I you know, fine. You can—I have no objection, you can put the restraining order. My client didn't realize that this was going to impinge upon the rest of his life now getting education, going on. He didn't know it at the time. If anything, I would like to request a plenary hearing on that fact.

Defendant contends he consented to entry of the final restraining order and suggests the extensive allegations of prior history of domestic violence in plaintiff's opposing certification was not the basis of the order.

In cases where the motion judge did not enter the final restraining order, we hold the "complete record" requirement of the statute includes, at a minimum, all pleadings and orders, the court file, and a complete transcript of the final restraining order hearing. Without the ability to review the transcript, the motion judge is unable to properly evaluate the application for dismissal. Moreover, in view of the significant volume of cases handled by Family Part judges, even if the motion was heard by Judge Colalillo, we believe it would be difficult for the judge to give due consideration to the motion without the benefit of a transcript, as more than 17 months had elapsed since the final hearing. In most instances, the better practice is for a transcript to accompany the motion for dissolution of a final restraining order to enable the

motion judge to fully understand the totality of the circumstances and dynamics of the relationship and the application.

Without the benefit of the final hearing transcript, the motion judge was unable to fully consider those arguments. We note *N.J.S.A.* 2C:25–29a prohibits entry of a final restraining order without a finding or an admission by defendant that an act of domestic violence was committed. Precisely what occurred at the final hearing remains a mystery. The failure of defendant to provide the motion judge with a complete record to consider is fatal to his appeal. Whether a review of the transcript would have made a difference in the result, or led to a plenary hearing, is not known.

In addition to the complete record of the earlier proceeding, the motion judge must consider whether the moving party has established "good cause" to dissolve the restraints. We are in accord with the factor-analysis approach to an application for dismissal of a final restraining order set out in the well-reasoned opinion of Judge Dilts in *Carfagno v. Carfagno*, 288 *N.J.Super.* 424, 672 *A.2d* 751 (Ch.Div.1995). Judge Dilts set forth a non-exclusive list of factors to be considered by the court in determining whether the moving party has shown "good cause" sufficient to warrant dismissal of the final restraining order. *Carfagno*, at 435, 672 A.2d 751. We add, for emphasis, that the previous history of domestic violence between the parties must be fully explored and considered to understand the totality of the circumstances of the relationship and to fully evaluate the reasonableness of the victim's continued fear of the perpetrator. *See N.J.S.A.* 2C:25–29a(1); *Cesare*, 154 *N.J.* at 403, 713 *A.2d* at 394; *Hoffman*, 149 *N.J.* at 585, 695 *A.2d* 236. This may include exploration of incidents that were not testified to at the final hearing. Domestic violence cases are often handled expeditiously, without the formality of counsel, and in an informal manner. *Maksuta v. Higson*, 242 *N.J.Super.* 452, 454, 577 *A.2d* 185 (App.Div.1990). This is especially true where there is consent to the allegations of the complaint or the matter is uncontested. For example, where

there is a stipulation by defendant an act of domestic violence was committed, and the final order is entered, often prior acts of domestic violence are not mentioned or even considered. However, upon a later application for dismissal of that order, inquiry into the history of the relationship and prior acts of domestic violence become important to consider in evaluating the necessity for continued protection.

In analyzing the dismissal application in *Carfagno,* Judge Dilts conducted a plenary hearing. We emphasize that not every motion for dissolution of a domestic violence restraining order requires a plenary hearing. In *Carfagno* a plenary hearing was needed to resolve factual disputes on the issue of whether defendant violated the restraining order since its issuance. We are in accord with the reasoning of Judge Escala in *M.V. v. J.R.G.,* 312 *N.J.Super.* 597, 599–600, 711 *A.*2d 1379 (Ch. Div.1998), that the moving party has the burden to make a *prima facie* showing good cause exists for dissolution of the restraining order prior to the judge fully considering the application for dismissal. If that burden is met, the court should then determine whether there are facts in dispute material to a resolution of the motion prior to ordering a plenary hearing. Conclusory allegations should be disregarded. *See Lepis v. Lepis,* 83 *N.J.* 139, 159, 416 *A.*2d 45 (1980).

We have the same concerns as Judge Escala in *M.V.* regarding the timing of the application to dismiss. The victim should not be forced to repeatedly relitigate issues with the perpetrator, as that itself can constitute a form of abusive and controlling behavior. Only where the movant demonstrates substantial changes in the circumstances that existed at the time of the final hearing should the court entertain the application for dismissal. Courts should not hesitate to use counsel fees or the frivolous litigation statute, *N.J.S.A.* 2A:15–59.1, as a deterrent where it finds litigation is commenced as a manifestation of the perpetrator's unhealthy desire to control or abuse a victim. *M.W.*

*v. R.L.*, 286 *N.J.Super.* 408, 411–12, 669 *A.2d* 817 (App.Div.1995); *Schmidt v. Schmidt*, 262 *N.J.Super.* 451, 454–55, 620 *A.2d* 1388 (Ch.Div.1992). We reject the suggestion in *M.V. v. J.R.G.* that a one-year time period be engrafted onto *N.J.S.A.* 2C:25–29d. Such a determination is deferred for legislative action. The linchpin in any motion addressed to dismissal of a final restraining order should be whether there have been substantial changed circumstances since its entry that constitute good cause for consideration of dismissal.

Here, the record before Judge DiCamillo was deficient. His findings and conclusions are fully supported by the record. *Pascale v. Pascale*, 113 *N.J.* 20, 33, 549 *A.2d* 782 (1988); *Rova Farms Resort, Inc. v. Investors Ins. Co.*, 65 *N.J.* 474, 484, 323 *A.2d* 495 (1974). Defendant has failed to show good cause to dissolve the order. This decision is without prejudice to a new application in proper form.

Affirmed.