RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4969-15T2

R.M.,

 Plaintiff-Appellant/
 Cross-Respondent,

v.

L.A.G.,

 Defendant-Respondent/
 Cross-Appellant.
_______________________________

 Argued October 16, 2017 – Decided November 3, 2017

 Before Judges Accurso and Vernoia.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Morris County,
 Docket No. FV-14-0841-16.

 Dale E. Console argued the cause for
 appellant/cross-respondent.

 Lizanne J. Ceconi argued the cause for
 respondent/cross-appellant (Ceconi &
 Cheifetz, LLC, attorneys; Barry L. Baime and
 Patricia Tuckman, on the brief).

PER CURIAM

 After twenty-four years of marriage, R.M. and L.A.G. filed

cross-complaints requesting final domestic violence restraining
orders (FRO) under the Prevention of Domestic Violence Act,

N.J.S.A. 2C:25-17 to -35. At the conclusion of a four-day trial,

the court denied L.A.G.'s FRO request, finding she failed to prove

R.M. committed a predicate act of domestic violence. The court

denied R.M.'s FRO request concluding that although he proved L.A.G.

committed the predicate acts of harassment and criminal mischief,

he failed to demonstrate an FRO was necessary to protect him from

immediate danger or prevent further acts of domestic violence.

R.M. appeals the court's order denying his request for an FRO.1

We affirm.

 R.M. and L.A.G. are lawyers and share four children. They

experienced marital difficulties during the three-year period

prior to the April 11, 2016 filing of their cross-complaints. A

month before the complaints were filed, R.M. moved out of the

marital home. R.M. and L.A.G. continued to communicate thereafter

regarding their children and other marital and financial issues.

 They exchanged text messages about tax documents that R.M.

needed to review. On April 11, 2016, L.A.G. went to R.M.'s office

with the documents. She also intended to discuss with R.M.

marriage counseling therapy she had arranged for them. R.M.

encountered L.A.G. in the parking lot of his office, and she gave

1
 L.A.G. filed a cross-appeal of the court's order denying her FRO
request. The cross-appeal was subsequently withdrawn.

 2 A-4969-15T2
him the documents and requested to speak with him. R.M. said he

was leaving to get water. Believing R.M. would return quickly,

L.A.G. went into his office.

 R.M.'s failure to return immediately resulted in a series of

text messages between the parties. R.M. advised L.A.G. he would

meet her at their home. L.A.G. texted that she wanted to meet in

R.M.'s office, and she was at his desk looking at his emails.

 When R.M. returned to his office, L.A.G. sat at his computer

taking pictures of the screen. He asked L.A.G. to leave. She

stood, yelled and threw a paperweight into a bin. She ripped

R.M.'s mail, removed the webcam from his computer and threw a

binder. She also threw two picture frames to the floor and broke

them. L.A.G. threatened to throw a glass cube but then put it

down.

 R.M. called 911, and L.A.G. was heard saying she was being

kidnapped and held against her will. R.M. stood by the door,

blocking her egress. R.M. testified he prevented L.A.G. from

leaving because she threatened to make a scene in front of his co-

workers and he felt she was out of control. L.A.G. testified that

in her attempt to leave, she accidentally scratched R.M.'s cheek.

Upon the arrival of the police, the incident ended. R.M. and L.A.G.

immediately filed their cross-complaints.

 3 A-4969-15T2
 The judge denied L.A.G.'s FRO request, finding she failed to

prove R.M. committed the predicate acts of harassment, N.J.S.A.

2C:33-4, and false imprisonment, N.J.S.A. 2C:13-3. The judge

determined that R.M. proved L.A.G. committed the predicate acts

of harassment, N.J.S.A. 2C:33-4, and criminal mischief, N.J.S.A.

2C:17-3(a)(1), but found insufficient evidence to sustain R.M.'s

claim L.A.G. committed a simple assault, N.J.S.A. 2C:12-1. The

judge then considered whether an FRO was necessary to prevent

future acts of domestic violence.

 The judge found L.A.G. went to R.M.'s office to try to get

him to go to the marriage therapy she hoped would repair their

marriage. The judge found R.M. could have immediately left his

office, but instead "stood at the door and waited" until the police

arrived. The court determined that if R.M. had been afraid of

L.A.G., he would not have remained in the office. The court

further determined that during their twenty-four year marriage,

there was "minimal, if any, difficulty" between the parties and

there was no evidence of any "cycle of power and control."

 In its opinion, the court referenced the parties' financial

circumstances and their four children, and noted that an FRO would

not be in the children's best interests. The court observed that

if an FRO was entered in the future, it could adversely affect

L.A.G.'s status as a practicing lawyer. The court concluded there

 4 A-4969-15T2
was insufficient evidence showing L.A.G. posed an immediate threat

of future domestic violence and an FRO was unnecessary to protect

R.M. from future acts of domestic violence. The court entered an

order dismissing R.M.'s complaint. This appeal followed.

 In adjudicating a domestic violence case, the trial judge has

a "two-fold" task. Silver v. Silver, 387 N.J. Super. 112, 125

(App. Div. 2006). The judge must first determine whether the

plaintiff has proven that the defendant committed one of the

predicate acts referenced in N.J.S.A. 2C:25-19(a). Id. at 125-

26. The judge must construe any such acts in light of the parties'

history to better "understand the totality of the circumstances

of the relationship and to fully evaluate the reasonableness of

the victim's continued fear of the perpetrator." Kanaszka v.

Kunen, 313 N.J. Super. 600, 607 (App. Div. 1998); see N.J.S.A.

2C:25-29(a)(1).

 If a predicate offense is proven, the judge must then assess

"whether a restraining order is necessary, upon an evaluation of

the facts set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to

protect the victim from an immediate danger or to prevent further

abuse." J.D. v. M.D.F., 207 N.J. 458, 475-76 (2011) (quoting

Silver, supra, 387 N.J. Super. at 126-27). Whether a restraining

order should be issued depends on the seriousness of the predicate

offense, on "the previous history of domestic violence between the

 5 A-4969-15T2
plaintiff and defendant including previous threats, harassment[,]

and physical abuse," and on "whether immediate danger to the person

or property is present." Corrente v. Corrente, 281 N.J. Super.

243, 248 (App. Div. 1995) (citing N.J.S.A. 2C:25-29(a)); see also

Cesare v. Cesare, 154 N.J. 394, 402 (1998) (noting the need to

consider any prior history of domestic violence).

 On appeal, R.M. argues the court erred by finding an FRO was

unnecessary. He claims the court failed to consider the nature

of the predicate acts and the parties' prior domestic violence

history. He also asserts there was no evidence supporting the

court's reliance on the parties' financial circumstances and, even

if there was, it was improper for the court to consider such

evidence and the impact of an FRO on the children in determining

whether an FRO was necessary. We are not persuaded.

 The court did not ignore the evidence concerning alleged

prior acts of domestic violence. The court considered R.M.'s

testimony, which showed L.A.G.'s use of foul language and

statements concerning R.M.'s interactions with their children, and

found the evidence showed no history of domestic violence during

the parties' twenty-four year marriage. We defer to the judge's

findings of fact because they are "supported by adequate,

substantial, credible evidence," Cesare, supra, 154 N.J. at 411-

 6 A-4969-15T2
12, and "[b]ecause of the family courts' special jurisdiction and

expertise in family matters," id. at 413.

 We are also unconvinced that the court failed to consider

L.A.G.'s commission of the predicate acts. The commission of a

predicate act of domestic violence alone does not "automatically

mandate[] the issuance of" an FRO. A.M.C. v. P.B., 447 N.J. Super.

402, 417 (App. Div. 2016). "[C]ourts may consider two key factors

when determining whether to issue permanent restraints: (1) a lack

of evidence demonstrating a history of domestic violence or abuse;

and (2) the commission of a predicate act that does not involve

physical violence against the victim." Id. at 414.

 Here, the court did not find a history of domestic violence.

In addition, it determined R.M. failed to prove L.A.G. committed

a predicate act of physical violence against him, and dismissed

his claim that L.A.G. committed the predicate act of assault. Cf.

A.M.C., supra, 447 N.J. Super. at 418-19 (finding evidence the

defendant had a history of physical violence and threats of

violence, and committed physical acts of aggression to prevent

plaintiff from leaving the marital home, was sufficient as a matter

of law to establish an FRO was necessary).

 R.M. last argues the court could not properly consider the

parties' financial circumstances and the best interests of their

children in its determination if an FRO was necessary because

 7 A-4969-15T2
those factors "are relevant only to the fashioning of a domestic

violence remedy" under N.J.S.A. 2C:25-29. Cesare, supra, 154 N.J.

at 401. Although we agree the court should not have relied on

those facts to determine whether an FRO was necessary, the error

was not clearly capable of producing an unjust result. R. 2:10-

2. Independent of those findings, the record supports the court's

determination that R.M. failed to establish that an FRO was

necessary.

 Affirmed.

 8 A-4969-15T2