# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4512-19

C.A.,

     Plaintiff-Respondent,

v.

J.E.A.,

     Defendant-Appellant.

_____

Submitted December 2, 2021 – Decided March 10, 2022

Before Judges Mawla and Mitterhoff.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FV-13-0182-20.

Nicholas A. Moschella, Jr., attorney for appellant.

Legal Services of New Jersey, attorneys for respondent (Shoshana E. Gross, of counsel and on the brief).

PER CURIAM

     Defendant J.E.A. appeals from a July 7, 2020 order denying his motion to

dissolve a final restraining order (FRO) pursuant to the Prevention of Domestic

Violence Act (PDVA), N.J.S.A. 2C:25-17 to -35. We affirm, substantially for the reasons set forth in Judge Angela White Dalton's thoughtful oral opinion. We add the following comments.

On August 1, 2019, plaintiff obtained a temporary restraining order (TRO) in Holmdel Township Municipal Court. Plaintiff alleged "defendant followed her throughout the house[,] screaming and cursing at her for the past three weeks[,]" "defendant drinks to excess and becomes violent[,]" and "defendant will throw household items around causing damage to the residence." That same day, defendant was arrested and served with the TRO.

After defendant failed to appear for the August 6, 2019 trial, the judge entered an FRO against defendant by way of default based on plaintiff's testimony. She found defendant was properly served on August 1, 2019 and released from jail on August 5, 2019. The judge also ordered defendant to submit the results of his most recent alcohol evaluation, maintain support of the household, and complete a domestic violence batterer's abuse counseling program. Defendant did not appeal the entry of the FRO.

A-4512-19

On May 22, 2020, defendant moved to dissolve the FRO.[1] At the July 7, 2020 motion hearing, defendant admitted that he had attended only twenty-seven of the approximately forty-one mandatory counseling visits with a batterer's intervention program. The judge referred to a letter from the program indicating that defendant was "calculating and superficially compliant." She also considered credit card statements provided by plaintiff showing that, between November 8, 2019 and June 12, 2020, defendant made purchases of liquor totaling $1,973.55. The purchases began two weeks after he completed his alcohol use treatment program. Defendant admitted making the purchases but claimed they were for his friends in his ping-pong and golf groups. Plaintiff's certification opposed the dissolution of the FRO because she remained fearful of defendant.

After addressing each of the Carfagno[2] factors, Judge Dalton rendered her oral decision denying the application without a plenary hearing. She concluded that defendant's certification failed to raise any material issue of disputed fact requiring a hearing.

---

[1] On December 11, 2019, Judge Dalton denied a prior motion to vacate the FRO alleging defendant never received notice.

[2] Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995).

A-4512-19

On appeal, defendant presents the following arguments for our consideration:

POINT I

THE DEFENDANT WAS DENIED A FULL AND FAIR HEARING ON THE MERITS AND SHOULD BE GRANTED A NEW HEARING BASED UPON THE RELEVANT FACTORS PURSUANT TO CARFAGNO . . . .

    A.  The Carfagno Factors were improperly applied to Defendant.

Our review of a trial judge's fact-finding function is limited.  Cesare v. Cesare, 154 N.J. 394, 411 (1998).  A judge's findings of fact are "binding on appeal when supported by adequate, substantial, credible evidence."  Id. at 411-12.  We will not disturb a judge's factual findings unless convinced "they are so manifestly unsupported by or inconsistent with the competent, relevant[,] and reasonably credible evidence as to offend the interests of justice[.]"  Rova Farms Resort, Inc. v. Invs. Ins. Co., 65 N.J. 474, 484 (1974) (quoting Fagliarone v. Twp. of N. Bergen, 78 N.J. Super. 154, 155 (App. Div. 1963)).  We, however, review de novo "the trial judge's legal conclusions, and the application of those conclusions to the facts[.]"  Elrom v. Elrom, 439 N.J. Super. 424, 433 (App. Div. 2015) (quoting Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013)).

4

Pursuant to N.J.S.A. 2C:25-29(d), "[u]pon good cause shown, any final order may be dissolved or modified . . . ." "Generally, a court may dissolve an injunction where there is 'a change in circumstances [whereby] the continued enforcement of the injunctive process would be inequitable, oppressive, or unjust, or in contravention of the policy of the law.'" Carfagno, 288 N.J. Super. at 433-34 (alteration in original) (quoting Johnson & Johnson v. Weissbard, 11 N.J. 552, 555 (1953)). "Only where the movant demonstrates substantial changes in the circumstances that existed at the time of the final hearing should the court entertain the application for dismissal." Kanaszka v. Kunen, 313 N.J. Super. 600, 608 (App. Div. 1998).

In determining whether a defendant has demonstrated a change of circumstances sufficient to dissolve an FRO, courts consider the following factors:

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another

> jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.

> [Carfagno, 288 N.J. Super. at 435.]

The defendant bears the burden of pointing to facts in dispute that are material to the resolution of the motion in order to be granted a plenary hearing. Kanaszka, 313 N.J. Super. at 608. Conclusory allegations will not suffice. Ibid.

With these guiding principles in mind, we reject defendant's assertion that he was entitled to a plenary hearing. The judge carefully considered the Carfagno factors and made detailed findings as to why defendant had not made a prima facie showing of a substantial change in circumstances. Most notably, the undisputed facts are that the FRO had been in place for less than a year and defendant had not completed a significant number of his required batterer's intervention sessions. Nothing in defendant's certification dispelled the program's letter indicating defendant was, as the judge described it, "phoning it in" rather than accepting responsibility for his conduct. It is undisputed that shortly after completing alcohol use treatment, defendant began making regular purchases of alcohol, undermining his bald assertion that he had stopped drinking. It is undisputed that plaintiff opposes the application. Defendant's wish to cross-examine plaintiff on whether she remains subjectively afraid does

not warrant a hearing. The judge found that under the circumstances any objectively reasonable victim would remain afraid given the short time that had elapsed and defendant's lack of progress toward resolving the issues that led to the initial entry of the FRO. We conclude that Judge Dalton's factual findings are amply supported by the record and her legal conclusions are sound. We discern no error requiring reversal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-4512-19