# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2257-20

O.T.,

    Plaintiff-Respondent,

v.

M.T., JR.,

    Defendant-Appellant.

_____

Submitted March 16, 2022 – Decided March 28, 2022

Before Judges Accurso and Enright.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FV-13-0471-21.

H. Tiffany Weiner, attorney for appellant (H. Tiffany Weiner, of counsel; Jeffrey Zajac, on the brief).

Respondent has not filed a brief.

PER CURIAM

In this one-sided appeal, defendant M.T., Jr.[1] challenges the March 2, 2021 final restraining order (FRO) entered in favor of his estranged wife, plaintiff O.T., pursuant to the Prevention of Domestic Violence Act, N.J.S.A. 2C:25-17 to -35.[2] We affirm, substantially for the reasons set forth in Judge Gregory L. Acquaviva's comprehensive oral opinion, and add the following comments.

The parties were married in 2015 and have two children, ages four and six. When Judge Acquaviva heard this matter, the parties were in the midst of divorce proceedings. The judge found that during a parenting time exchange at a police station on October 5, 2020, while the parties' two young children were seated in defendant's car, plaintiff approached the passenger side of defendant's car "in an aggressive demeanor" and started "banging on the door . . . demanding [defendant] open the door." She then walked to the driver's side of the car and began yelling at defendant about an issue regarding the children. Defendant

_____

[1] We use initials to protect the privacy of the individuals involved in this appeal. R. 1:38-3(d)(9).

[2] An FRO also was granted against plaintiff at the March 2 hearing; she does not appeal from the FRO against her.

"encourage[d] her to back up" as she was "encroaching on his personal space," but "[s]he refuse[d]."

Despite defendant's continuing entreaties, plaintiff did not move away from his car. Defendant responded by calling her a "raging animal" and sarcastically told her she should "lay down" in front of the car. Further, he told her to "get out of his face." Plaintiff taunted defendant, saying "who cares about your face, only your mother." Additionally, she struck defendant "about the shoulder [and] neck."

Based on surveillance video and audio from the incident, as well as the testimony of the parties, the judge summarized what happened next:

> . . . At this point, [defendant] becomes adamant about leaving[.] . . . He asks her to move her feet. She says no. He responds, "I will run it over." The car lurches forward one time[.] . . . His steering wheel was cocked to the right and the car is turning away from her. [Plaintiff] yips. The movement of the car was minimal, however, [plaintiff] is in the door [of the car,] the door is open, the kids are playing nearby. . . . [Defendant] says that he was trying to de-escalate the situation. . . . [But h]e said "I will run it over" and the car lurched forward. It's not a de-escalation. It was reckless.
>
> . . . . [T]he outdoor video [shows plaintiff] staggers and she was shocked, there was a[] yelp by [her]. And again, at that point, the [defendant's] car stops, it goes in reverse and stops again.

3

. . . [T]he appearance [is] that [defendant] believes that he ran over [plaintiff's] foot, contrary to his first statements. . . . She states that she went to the hospital the next day due to pain. . . .

In the lobby [of the police station] right after the incident, [plaintiff] is noticeably limping. . . . As the lobby video demonstrates, her limping becomes worse. . . . She removes her flip flop. She removes her sock to look at her foot. She's repeatedly examining her foot.

While the [c]ourt believes that [plaintiff] is exaggerating how long the car was on her foot and [her] injuries, the parties['] initial reactions are clear[.] [S]he yelps, staggers . . . , he stops the car out of concern. They go to the lobby. She's examining her foot, taking off her flip flop, taking off her sock and noticeably limping around the lobby.

. . . Did she harass him? Yes. . . . But does that mean that she should have her foot run over by a Jeep Wrangler? Absolutely not. It's not a proportional response. There are other more appropriate responses, [such as] asking her to please move[,] to try to exit the vehicle, [or] calling inside to the police station to ask for assistance.

After the judge rendered his factual and credibility findings, he concluded defendant's conduct constituted an assault, N.J.S.A. 2C:12-1(a)(1) and harassment, N.J.S.A. 2C:33-4(b). In finding defendant harassed plaintiff, the judge observed that defendant threatened to run over plaintiff's foot before he carried out his threat. Upon finding defendant committed the predicate acts of assault and harassment, the judge determined plaintiff was entitled to an FRO to

4

preclude future acts of domestic violence. The judge emphasized that the parties had a "significant [history of] contretemps," "[t]his happened at a police station parking lot," and "[t]he children were there."

On appeal, defendant raises the following contentions for our consideration:

> I. THE LAW DIVISION COMMITTED REVERSIBLE ERROR BY MISAPPLYING THE SECOND PRONG OF THE SILVER[3] ANALYSIS AND GRANTING THE PLAINTIFF'S APPLICATION FOR A FINAL RESTRAINING ORDER.
>
> > A. UNDER THE SECOND PRONG OF SILVER, [O.T.] WAS NOT ENTITLED TO A FINAL RESTRAINING ORDER
> >
> > B. THE TRIAL COURT'S REASONING IS NOT SUPPORTED BY THE ADEQUATE, SUBSTANTIAL CREDIBLE EVIDENCE, AND REQUIRES REVERSAL

These arguments lack merit. R. 2:11-3(e)(1)(E).

Appellate courts review a "Family Part judge's findings in accordance with a deferential standard of review, recognizing the court's 'special jurisdiction and expertise in family matters.'" Thieme v. Aucoin-Thieme, 227 N.J. 269, 282-83 (2016) (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)). We provide

---

[3] Silver v. Silver, 387 N.J. Super. 112 (App. Div. 2006).

that deference especially when much of the evidence is testimonial and implicates credibility determinations. Cesare, 154 N.J. at 412. Thus, "findings by a trial court are binding on appeal when supported by adequate, substantial, credible evidence." Gnall v. Gnall, 222 N.J. 414, 428 (2015) (quoting Cesare, 154 N.J. at 411-12). But appellate courts review legal conclusions de novo. Thieme, 227 N.J. at 283 (citing D.W. v. R.W., 212 N.J. 232, 245-46 (2012)).

In adjudicating a domestic violence case, the trial judge has a "two-fold" task. Silver, 387 N.J. Super. at 125. The judge must first determine whether the plaintiff has proven by a preponderance of the evidence the defendant committed one of the predicate acts referenced in N.J.S.A. 2C:25-19(a). Such acts include harassment, N.J.S.A. 2C:33-4, and assault, N.J.S.A. 2C:12-1(a). N.J.S.A. 2C:25-19(a)(2) and (13). The judge must construe any alleged acts of domestic violence in light of the parties' history to better "understand the totality of the circumstances of the relationship." Kanaszka v. Kunen, 313 N.J. Super. 600, 607 (App. Div. 1998); N.J.S.A. 2C:25-29(a)(1).

If a predicate offense is proven, the judge must then assess "whether a restraining order is necessary, upon an evaluation of the facts set forth in N.J.S.A. 2C:25-29(a)(1) to -29(a)(6), to protect the victim from an immediate danger or to prevent further abuse." J.D. v. M.D.F., 207 N.J. 458, 475-76

6

(2011) (quoting Silver, 387 N.J. Super. at 127). Whether a restraining order should be issued depends on the seriousness of the predicate offense, on "the previous history of domestic violence between the plaintiff and defendant including previous threats, harassment[,] and physical abuse[,] and [on] whether immediate danger to the person or property is present." Corrente v. Corrente, 281 N.J. Super. 243, 248 (App. Div. 1995) (citing N.J.S.A. 2C:25-29(a)).

Here, defendant states he "does not challenge the trial court's finding that his conduct on October 5, 2020 technically met the requirement for a simple assault under Title 2C," but contends "the predicate act of simple assault on October 5 . . . did not reasonably present the threat of immediate or future harm." We disagree.

As we noted in Silver, once a court concludes the plaintiff has proved an act of domestic violence, the "second determination – whether a domestic violence restraining order should issue – is most often perfunctory and self-evident." 387 N.J. Super. at 127. Here, given the judge's credibility and factual findings, which are amply supported on the record, his recognition of the parties' ongoing acrimonious relationship, and his detailed analysis and application of both Silver prongs, we perceive no basis to disturb his conclusion plaintiff was entitled to an FRO to preclude future acts of domestic violence.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

8