# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0658-22

A.I.,

    Plaintiff-Respondent,

v.

D.I.,

    Defendant-Appellant.

_____

Argued October 23, 2023 – Decided December 11, 2023

Before Judges Gilson, DeAlmeida, and Berdote Byrne.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-0443-16.

Travis J. Tormey argued the cause for appellant (The Tormey Law Firm, LLC, attorneys; Travis J. Tormey, of counsel and on the brief; Jeffrey A. Skiendziul, on the brief).

Richard S. Diamond argued the cause for respondent (Diamond & Diamond, PA, and Dario, Albert, Metz, Eyerman, Canda, Concannon, Ortiz & Krouse, attorneys; Richard S. Diamond, Jonathan A. Diamond, and Wilfredo J. Ortiz, on the brief).

PER CURIAM

Defendant appeals from the trial court's denial of his second motion to dissolve a Final Restraining Order (FRO) and argues the trial court abused its discretion in applying the factors in Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995), to deny him a plenary hearing. Because the trial court correctly found defendant failed to establish a prima facie showing of a substantial change in circumstances to warrant a plenary hearing, we discern no abuse of discretion and affirm the order denying defendant's motion to dissolve the FRO.

I.

We glean the facts from the record. In the summer of 2015, plaintiff ended a four-year relationship with defendant. After the break-up, defendant went to plaintiff's mother's house—where plaintiff then resided—and broke an object in the presence of plaintiff and her mother. Defendant and his friends also posted a series of comments on the internet which, among other things, wished for plaintiff's death, threatened her life, and accused her of an on-the-job liaison. Because of these actions, plaintiff was successful in obtaining a temporary restraining order (TRO). Less than a month later, defendant violated the TRO's terms and was criminally charged.

A-0658-22

At the FRO hearing, defendant voluntarily admitted to harassing plaintiff, and the criminal charges against him were dismissed. Defendant allocuted he broke an object in the presence of plaintiff and her mother and posted numerous disparaging and life-threatening comments on the internet about plaintiff with the intent to harass her and her family. Based on defendant's admissions, the trial court entered a FRO against defendant prohibiting him from communicating with or contacting plaintiff or her parents, and barring him from plaintiff's home, place of employment, and family summer home. Defendant agreed to remove all internet posts referencing plaintiff by the end of the day, September 28, 2015.

Defendant's first motion to dissolve the FRO was denied after a plenary hearing on June 6, 2018. Seven years after entry of the FRO, defendant moved to dissolve the FRO for the second time. The trial court held oral argument to determine whether a plenary hearing was necessary. In evaluating the circumstances, the court assessed the parties' arguments in light of the eleven Carfagno factors.

The trial court found defendant's reasons for dissolution insufficient and denied his application to dissolve the FRO. It concluded defendant's failure to take down the remaining internet post, the continued encounters between the

3

parties, and plaintiff's continued fear of defendant warranted the FRO's continuation. This appeal followed.

## II.

Our review of a motion to dissolve a FRO is limited. See G.M. v. C.V., 453 N.J. Super. 1, 11-12 (App. Div. 2018). The denial of a motion without a plenary hearing is reviewed for an abuse of discretion. Id. at 11. We give "substantial deference" to the trial court's factual findings and legal conclusions in a domestic violence matter, C.C. v. J.A.H., 463 N.J. Super. 419, 428 (App. Div. 2020), due to the Family Part's "special jurisdiction and expertise in family matters," G.M., 453 N.J. Super. at 11 (quoting N.J. Div. of Youth & Family Servs. v. M.C. III, 201 N.J. 328, 343 (2010)). We are bound by the trial court's findings if they are supported by adequate, substantial, credible evidence. Ibid. (quoting Cesare v. Cesare, 154 N.J. 394, 413 (1998)).

On a showing of good cause, a FRO may be dissolved upon application to the court. N.J.S.A. 2C:25-29(d).[1] In determining whether a defendant has shown good cause, the court considers:

---

[1] N.J.S.A. 2C:25-29 permits a judge other than the one who entered the FRO to dissolve or modify same if the current judge has "at a minimum, all the pleadings and orders, the court file, and a complete transcript of the [FRO] hearing." G.M., 453 N.J. Super. at 14 (quoting Kanaszka v. Kunen, 313 N.J. Super. 600, 607

(1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.

G.M., 453 N.J. Super. at 13 (quoting Carfagno, 288 N.J. Super. at 434-35).

Importantly, the Carfagno factors are weighed qualitatively, not quantitatively. 288 N.J. Super. at 442. Courts "must carefully scrutinize the record and carefully consider the totality of the circumstances" before dissolving a FRO. G.M., 453 N.J. Super. at 14 (quoting Kanaszka, 313 N.J. Super. at 605).

III.

On appeal, defendant argues the trial court (1) abused its discretion in denying his motion to dissolve the FRO without the benefit of a plenary hearing;

---

(App. Div. 1998)). This "enable[s] the motion judge to fully understand the totality of the circumstances and dynamics of the relationship and application." Ibid.

5

and (2) misapplied the Carfagno factors. Defendant specifically argues the trial court failed to (a) find plaintiff lacked an objective fear of defendant based on her failure to contact authorities when the parties inadvertently encountered one another on several occasions after the FRO was entered, which also implicates whether she opposed defendant's motion in good faith; (b) consider the prejudicial effect the FRO has on defendant, which he claims is "a prerequisite in determining whether good cause exists to vacate a FRO in the first place" based on Sweeney v. Honachefsky, 313 N.J. Super. 443, 448 (App. Div. 1998); (c) properly weigh the remaining internet post from 2015; and (d) consider plaintiff's changed circumstances. Defendant's arguments are belied by the record.

There is no automatic right to a plenary hearing on a motion to dissolve a FRO. To meet the prima facie burden, the movant must demonstrate a substantial change in circumstances from when the FRO was entered. G.M., N.J. Super. at 13; Kanaszka, 313 N.J. Super. at 609. The prior order denying defendant's motion to dissolve the FRO after a plenary hearing was a final order and defendant did not appeal. If a motion to dissolve a FRO has previously been denied, as was here, with the benefit of a plenary hearing, the defendant must show changed circumstances from the entry of the FRO and from the denial of

the previous motion to dissolve the FRO. Otherwise, a defendant may make unlimited motions to dissolve an FRO. The victim should not be "forced to repeatedly relitigate issues with the perpetrator, as that itself can constitute a form of abusive and controlling behavior." G.M., 453 N.J. Super. at 13 (quoting Kanaszka, 313 N.J. Super. at 608).

Like the overall inquiry, the court considers the Carfagno factors at the prima facie stage. G.M., N.J. Super. at 14. Conclusory allegations are disregarded. Id. at 13 (quoting Kanaszka, 313 N.J. Super. at 608). Only when a substantial change in circumstances is shown and there exists a genuine dispute of material fact should a plenary hearing be ordered. Ibid. (quoting Kanaszka, 313 N.J. Super. at 608); Bermeo v. Bermeo, 457 N.J. Super. 77, 83 (App. Div. 2018).

Defendant was required to demonstrate a substantial change in circumstances from the last Carfagno plenary hearing denying his motion. The trial court reviewed the parties' arguments in light of the complete record and found no substantial change in circumstances.

The court found plaintiff still objectively feared defendant in good faith, based on the five unplanned encounters between the parties since the FRO was instated—in 2015, 2016, 2017, 2020, and 2021—and because of the continued

7

existence of one of the original derogatory internet posts. That the chance encounters between the two were civil did not weigh in defendant's favor. Similarly, the court found the fact plaintiff did not file any complaints against defendant based upon these encounters did not constitute proof of a lack of fear, only proof plaintiff sought to limit any continued interaction.

The trial court relied on the fact that one of defendant's disparaging internet comments was still publicly available. After reading from the original FRO hearing transcript, the court highlighted defendant's failure to remove the original internet post despite defendant's promise to the court to take it down. Although defendant submitted a letter stating the efforts that had been made, the court observed defendant's attempts to remove the post were made in 2016 by defendant's former counsel. No additional efforts were made by defendant in the intervening years.

Additionally, contrary to defendant's assertion, the court was not required to consider the FRO's prejudicial effect on defendant as it is not one of the Carfagno factors, and his reliance upon Sweeney is misplaced. First, Sweeney is inapposite because the plaintiff there consented to the FRO's dissolution. Secondly, the Sweeney court addressed the prejudicial effect of the FRO only after it found none of the factors weighed in favor of the FRO's continuation.

A-0658-22

Also, defendant here failed to present any evidence of specific prejudice other than a general preference for not having a FRO against him.

The trial court's ruling was based on the totality the <u>Carfagno</u> factors: the repeated encounters between plaintiff and defendant after the FRO was entered, defendant's decision to purchase a house within three miles of plaintiff's family summer house which increased the likelihood of unplanned encounters, the continued existence of one of the disparaging internet posts, and the effect these circumstances had on plaintiff's objective fear of defendant. Cumulatively those factors weighed in favor of the FRO's continuation. The record supports the trial court's findings of fact and demonstrates its ruling was based on adequate, substantial, credible evidence.

Defendant's remaining arguments lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION