# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1294-23

J.M.S-M.,[1]

    Plaintiff-Respondent,

v.

W.V.M.,

    Defendant-Appellant.

_____

Argued October 1, 2024 – Decided October 22, 2024

Before Judges Smith and Vanek.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Cape May County, Docket No. FV-05-0333-18.

Melissa Rosenblum argued the cause for appellant (Law Offices of Melissa Rosenblum, attorney; Melissa Rosenblum, of counsel and on the briefs; Marissa Keddis, on the briefs).

---

[1] We refer to the parties using their initials to protect their privacy and the confidentiality of these proceedings. R. 1:38-3(d)(9).

Coalition Against Rape & Abuse Law Project, attorney
for respondent (E. Jane Molt, on the brief).[2]

PER CURIAM

Defendant W.V.M. appeals the December 15, 2023 order denying his motion to vacate a final restraining order (FRO) entered against him and in favor of plaintiff J.M.S-M. Based on our thorough review of the record and prevailing law, we affirm.

I.

We discern the salient facts from the motion record. After a domestic violence trial, the court entered an FRO against defendant on March 29, 2018. On July 20, 2018, after being charged with terroristic threats, aggravated assault, false imprisonment, harassment, and weapons charges, defendant pled guilty to second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1). The sentencing court imposed a five-year term of probation with conditions, which included that defendant was prohibited from having any contact with plaintiff. Nearly five years later, on April 14, 2023 a judge granted defendant's motion to terminate probation, in an order.

On August 9, 2023, defendant moved to vacate the FRO. Plaintiff

---

[2] On October 1, 2024, we received correspondence from plaintiff's counsel waiving counsel's appearance at oral argument.

A-1294-23

opposed the motion and cross-moved for an order continuing the restraints. The trial court judge assigned to hear the motion was not the same judge who entered the FRO. Oral argument on the motion was held on August 31 (the August hearing), October 26, (the October hearing), November 16, (the November hearing), and December 15 (the December hearing).

During the August hearing, plaintiff's counsel argued the motion was not "ripe for hearing" because defendant failed to submit a transcript of the FRO trial as required under prevailing law. The judge initially agreed, stating the "[c]ourt rules require me to see the transcript. I didn't issue the restraining order in this case." In response, defense counsel argued the court could listen to the audio recording of the FRO trial instead of requiring defendant to provide the transcript.

The trial court ultimately agreed, concluding it was required to listen to the audio recording of the FRO trial. However, the judge also adjourned the motion to October to allow defense counsel time to obtain an expedited transcript.

During the October hearing, the judge stated the court had not listened to the audio of the FRO trial and offered to "take a break" to review it. Defendant's counsel stated, "it's too long, Your Honor. I don't think you'll have time to do

A-1294-23

that."  Counsel then proceeded to argue the substance of the motion—that the FRO should be vacated under Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995) (cited by this court with approval in Kanaszka v. Kunen, 313 N.J. Super. 600, 607 (App. Div. 1998)).  The court continued the proceedings to November.

At the November hearing, the judge stated the parties were permitted to submit one more briefing and the court would decide the motion on the papers without any more oral argument, based on the consent of counsel and their respective clients.  The court was not provided with the transcript of the FRO trial.

On December 15, 2023, the court denied the motion, issuing an oral statement of reasons.  As a threshold issue, the court found the no contact provision in defendant's judgment of conviction was a condition of probation—not sentencing—and as such, the FRO was modifiable.[3]  The trial court then addressed whether the FRO should be vacated, weighing the Carfagno factors. The trial court order denying the motion was "based on the totality of the

---

[3] Although the parties litigated this issue before the trial court and identified it in their case information statement, neither party substantively addressed the issue in their merit's briefs.  Thus, we conclude the issue was abandoned on appeal.  Sklodowsky v. Lushis, 417 N.J. Super. 648, 657 (App. Div. 2011).

A-1294-23

circumstances, as well as the factors [set forth in] Carfagno." An amended FRO was entered the same day.

## II.

After our de novo review, we affirm the trial court's denial of defendant's motion to vacate the FRO. Rowe v. Bell & Gossett Co., 239 N.J. 531, 552 (2019) (arguing when considering issues of law, a trial court's interpretation is not entitled to special deference); Amzler v. Amzler, 463 N.J. Super. 187, 197 (App. Div. 2020) (explaining the appellate court reviews questions of law using the de novo standard).

Pursuant to N.J.S.A. 2C:25-29(d), an FRO may be vacated as follows:

> Upon good cause shown, any final order may be dissolved or modified upon application to the Family Part of the Chancery Division of the Superior Court, but only if the judge who dissolves or modifies the order is the same judge who entered the order or has available a complete record of the hearing or hearings on which the order was based.

"The court must carefully scrutinize the record and carefully consider the totality of the circumstances before removing the protective shield [of the FRO]." Kanaszka, 313 N.J. Super. at 605. Mindful that the purpose of the Prevention of Domestic Violence Act[4] is "to protect victims—not to punish the person who

---

[4] N.J.S.A. 2C:25-17 to -33.

committed the act of domestic violence," an FRO may be vacated "where there is a change of circumstances [whereby] the continued enforcement of the injunctive process would be inequitable, oppressive, or unjust, or in [] contravention of the policy of the law." Carfagno, 288 N.J. Super. at 433-34.

Trial courts must conduct a factual inquiry to determine whether "good cause" exists to vacate an FRO by weighing

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.
>
> [Id. at 434-35.]

"The linchpin in any motion addressed to dismissal of a [FRO] should be whether there have been substantial changed circumstances since its entry that constitute good cause for consideration of dismissal." Kanaszka, 313 N.J. Super. at 609.

A-1294-23

In Kanaszka, we expanded our interpretation of N.J.S.A. 2C:25-29(d), finding the "complete record" language requires the movant to submit "at a minimum, all pleadings and orders, the court file, and a complete transcript of the final restraining order hearing." Id. at 606. We reasoned "without the ability to review the transcript, the motion judge is unable to properly evaluate the application for dismissal" and concluded the failure to provide a transcript of the FRO trial was fatal. Ibid. See also G.M. v. C.V., 453 N.J. Super. 1, 16 (App. Div. 2018) ("[w]here the transcript is available but simply has not been included by the party seeking relief, we continue to subscribe to the approach adopted in Kanaszka.").

On a motion to vacate an FRO, defendant has the burden of establishing a prima facie showing of good cause, predicated on a substantial change in circumstances since the FRO trial. The court deciding the motion has the corollary duty to review the transcript of the FRO trial, along with other proofs, prior to deciding whether to dissolve the FRO based on changed circumstances in order to "fully understand the totality of the circumstances and dynamics of the relationship [between the parties] and the application." Kanaszka, 313 N.J. Super. at 606-07.

A-1294-23

Defendant's contention that the motion court may listen to the audio recording of the FRO trial as a substitute for providing the transcript advances a reading of N.J.S.A. 2C:25-29(d) that is inconsistent with Kanaszka. Absent a complete record, the trial court here lacked the ability to consider defendant's arguments that the FRO stemmed from defendant's acute mental health episode in 2018, and that substantially changed circumstances now exist because defendant has obtained necessary professional psychiatric and psychological counseling. Our review of the trial court's analysis of the Carfagno factors on an inadequate record would be futile.

The record establishes that defendant "invited the error he now claims deprived him of his due process rights." See Baker v. Nat'l State Bank, 161 N.J. 220, 226 (1999). Although review of the audio recording of the FRO trial would not have comported with Kanaszka, when the court suggested it break from the proceeding to listen, defense counsel suggested there was not enough time and interposed no objection to continuing with the hearing. There is also no evidence defendant ever submitted the transcript, despite the court's order.

Any arguments not addressed in this decision are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

A-1294-23

Affirmed. Defendant may refile his motion to vacate the FRO to pursue relief consistent with this opinion. We express no opinion on the ultimate outcome of any such application.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1294-23