# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2413-23

I.B.,[1]

    Plaintiff-Respondent,

v.

M.S.,

    Defendant-Appellant.

_____

Submitted January 22, 2026 – Decided February 2, 2026

Before Judges Mayer and Jacobs.

On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FV-03-0706-21.

M.S., self-represented appellant.

Foda Law Group, LLC, attorney for respondent (Rasha B. Foda, on the brief).

PER CURIAM

---

[1] We refer to the parties by their initials. R. 1:38-3(d)(10).

Defendant appeals from an April 3, 2024 order denying his motion to dissolve a June 28, 2021 amended final restraining order (FRO). He also appeals from a separate April 3, 2024 order denying his motion for reconsideration and granting "compensatory damages" to plaintiff in the amount of $6,834.85. For the reasons that follow, we vacate all orders on appeal and remand to the Family Part to apply the factors under Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995), in reviewing defendant's application to dissolve the FRO.

Plaintiff and defendant married in 2014 and had a child in 2019. Their marriage was fraught with alleged violent arguments, purported physical assault, and threats by defendant.

On October 27, 2020, plaintiff obtained a temporary restraining order (TRO) against defendant for incidents occurring on October 25 and 26, 2020. Defendant then filed for a TRO against plaintiff, alleging she punched him during the same incidents.

On March 3, 2021, defendant filed for divorce in Bergen County. The parties are involved in protracted divorce litigation in that county.

On March 11 and 12, 2021, a Family Part judge in Burlington County conducted a trial on the parties' domestic violence cross-complaints based on the events of October 25 and 26, 2020. In a June 28, 2021 order, the judge

granted plaintiff's application for an FRO against defendant.  However, the judge denied defendant's request for an FRO against plaintiff, finding no predicate act and no risk of danger or further abuse.

In granting an FRO to plaintiff, the judge found defendant threatened to shoot plaintiff, which constituted a predicate act under N.J.S.A. 2C:25-19.  The judge also found defendant's explosive anger presented a risk of immediate danger to plaintiff under Silver v. Silver, 387 N.J. Super. 112, 126-27 (App. Div. 2006).

Additionally, the judge handling the Burlington County domestic violence matter determined it was in the child's best interest to include "liberal parenting time" for defendant in the FRO.  The FRO specifically limited communications between the parties to text messages addressing the wellbeing of the child and parenting time.  On July 7, 2021, the judge issued a supplemental decision implementing an interim parenting time framework for the parties, subject to modification by Bergen County judge handling the divorce action.

On October 29, 2021, the Bergen County judge issued a superseding order addressing parenting time.  The parties continue to litigate custody and parenting time disputes in Bergen County.

A-2413-23

On December 10, 2023, defendant moved to dissolve the FRO under Carfagno. Plaintiff opposed the motion and requested modification of the FRO to limit text messages to emergent matters. Plaintiff also sought an order compelling defendant to return certain personal belongings and awarding attorney's fees.

On February 16, 2024, a different Family Part judge in Burlington County heard oral argument on defendant's motion to dissolve the FRO. The judge concluded defendant failed to present any "meaningful change in circumstances" to dissolve the FRO. Additionally, the judge ordered plaintiff's counsel to provide a certification in support of the legal fees incurred in responding to defendant's motion. The judge directed disputes regarding the return of property and parenting time be addressed in the ongoing Bergen County divorce litigation rather than the Burlington County FRO matter.

On February 21, 2024, prior to the Burlington County judge entering the order denying defendant's motion to dissolve the FRO, defendant moved for reconsideration. Plaintiff opposed the reconsideration motion and included an affidavit for legal services in the amount of $7,322.35.[2] The judge denied

---

[2] After receiving defendant's reply brief in support of the reconsideration motion, plaintiff submitted an additional invoice for legal services.

defendant's motion for reconsideration, finding "defendant merely repeat[ed] the arguments that had been considered and rejected in the motion to dismiss."

In an April 3, 2024 order, the judge, "nunc pro tunc," denied defendant's motion to dismiss the FRO for the reasons stated on the record on February 16, 2024. In a separate April 3, 2024 order, the judge granted plaintiff's application for attorney's fees, awarding a total of $6,834.85.

After defendant appealed the April 3, 2024 order, the judge issued a May 14, 2024, written amplification pursuant to Rule 2:5-1(b). The judge reiterated that the "parties have been engaged in contentious divorce litigation." She also stated:

> Defendant has made no allegation of change in circumstances such as to require a full hearing on the present application to dismiss the FRO. Rather, defendant appears to be seeking to have this court review the decision of another judge to enter that order, which it lacks the authority to do.

On appeal, defendant primarily argues the judge erred in declining to apply the Carfagno factors in reviewing his motion to dissolve the FRO. We agree.

N.J.S.A. 2C:25-29(d) requires "good cause" before an FRO "may be dissolved or modified." "The linchpin in any motion addressed to dismissal of a final restraining order should be whether there have been substantial changed

circumstances since its entry that constitute good cause for consideration of dismissal." Kanaszka v. Kunen, 313 N.J. Super. 600, 609 (App. Div. 1998). "In evaluating whether good cause has been shown under the statute to modify or dissolve a final order, a court is to consider the non-exclusive list of factors set forth in Carfagno, 288 N.J. Super. at 435." G.M. v. C.V., 453 N.J. Super. 1, 13 (App. Div. 2018).

The Carfagno factors in support of good cause include:

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.
>
> [Ibid. (quoting Carfagno, 288 N.J. Super. at 435).]

At the hearing on the motion to dissolve the FRO, the judge explained defendant had to show a "meaningful change in circumstances" before she would consider the Carfagno factors. The judge's amplification also stated defendant

6

had to demonstrate a "change in circumstances . . . to require a full hearing on the present application to dismiss the FRO." However, neither during the argument on defendant's motion to dissolve the FRO nor in the written amplification did the judge mention any Carfagno factors.

A purpose of the good cause requirement for dissolving an FRO is to prevent one party from "relitigat[ing] the FRO hearing." Id. at 16.; see also Kanaszka, 313 N.J. Super. at 608 (noting repeated relitigating of issues underlying an FRO "can constitute a form of abusive and controlling behavior"). "The party asking to modify or dissolve the FRO has the 'burden to make a prima facie showing [that] good cause exists for dissolution of the restraining order prior to the judge fully considering the application for dismissal.'" G.M., 453 N.J. Super. at 12-13 (quoting Kanazka, 313 N.J. Super. at 608). "[W]here this burden is met and there are 'facts in dispute material to a resolution of the motion,'" the judge should order a plenary hearing. Id. at 13 (quoting Kanazka, 313 N.J. Super. at 608). Regardless of whether a judge conducts a plenary hearing, "the Carfagno factors should be considered in determining whether the movant had shown a prima facie case of changed circumstances to dissolve the restraints." Id. at 14.

A-2413-23

Having reviewed the record, the judge mistakenly omitted consideration of the Carfagno factors as part of her finding that defendant failed to show changed circumstances. Before denying defendant's motion to dissolve the restraining order, the judge should have addressed whether defendant satisfied any of the Carfagno factors. In the absence of an analysis of the Carfagno factors, we are unable to determine whether the judge's denial of defendant's motion to dissolve the FRO was proper.

Under the circumstances, we are constrained to vacate the judge's order denying defendant's motion to dissolve the FRO and remand for further analysis under Carfagno. We express no opinion on the merits of defendant's motion to dissolve the FRO and leave to the Family Part judge's discretion whether to allow the parties to present any further submissions. The TRO shall remain in effect pending the remand proceeding.

Our remand renders defendant's appeal from the denial of his motion for reconsideration moot. See Borough of Fort Lee v. Banque Nat'l de Paris, 311 N.J. Super. 280, 285 n.3 (App. Div. 1998).

We also vacate the April 3, 2024 order granting plaintiff's motion for attorney's fees based on our remand. Depending on the Family Part judge's

determination after the remand, plaintiff may renew her application for attorney's fees.

In the event there is a renewed application for attorney's fees after the remand, we note Rule 4:42-9(b) allows a discretionary award of fees where "the court finds that the domestic violence victim's attorney's fees are reasonable, and they are incurred as a direct result of domestic violence." McGowan v. O'Rourke, 391 N.J. Super. 502, 508 (App. Div. 2007). In awarding attorney's fees, a judge should review the reasonableness of attorney's fees by considering the factors under Rule 4:42-9(b), which "incorporates the factors stated in [the Rules of Professional Conduct] 1.5." Ibid. Other than stating in the April 3, 2024 order that compensatory damages were "appropriate pursuant to N.J.S.A. 2C:25-29(b)(4)," the judge did not articulate why the amount awarded was reasonable.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

M.C. Harley

Clerk of the Appellate Division

A-2413-23