<div style="border:1px solid black">

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

</div>

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1257-23

LISA FLAX, f/k/a HANN,

    Plaintiff-Respondent,

v.

GLENN HANN,

    Defendant-Appellant.

_____

> Submitted February 10, 2025 – Decided March 31, 2025
>
> Before Judges Smith and Vanek.
>
> On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Burlington County, Docket No. FM-03-0616-19.
>
> Glenn Hann, appellant pro se.
>
> Lisa Flax, respondent pro se.

PER CURIAM

    Defendant Glenn Hann appeals three Family Part orders which denied his applications to: modify child support; dismiss a final restraining order; vacate

orders awarding attorney's fees to plaintiff Lisa Flax; and overturn an order authorizing plaintiff's sale of the former marital home.  We affirm.

I.

Plaintiff and defendant married on June 28, 1998.  They had three children together: the oldest is now twenty-three and the twins are nineteen.

On November 28, 2018, a temporary restraining order (TRO) was issued against defendant under the FV docket.[1]  On January 3, 2019, plaintiff dismissed the TRO and civil restraints were entered against defendant in the FM docket.[2]  The parties were divorced pursuant to a final judgment of divorce (FJOD) issued on June 25, 2020, after three days of hearings related to the enforceability of the parties' marital settlement agreement and memo of understanding dated January 8, 2020.  The memo of understanding was incorporated into the FJOD.

The FJOD established, among other things, that defendant's child support obligation would be $416 per week.  That obligation was later modified so that defendant's two minor children each received a derivative social security benefit of $762 per month until they graduated high school in June of 2024.  In addition, the Burlington Probation Division garnished defendant's wages from his Social

---

[1]  FV-03-900-19.

[2]  FM-03-616-19.

A-1257-23

Security Disability payment in the amount of $150 per week for child support pursuant to an order dated November 18, 2019. Defendant never appealed the FJOD.

Defendant filed for bankruptcy. On January 7, 2022, the Family Part ordered the sale of the parties' former marital home. The bankruptcy court stayed the sale, but eventually lifted the stay and authorized plaintiff's sale of the marital home on April 19, 2022.

After a trial, plaintiff obtained a final restraining order (FRO) against defendant under the Prevention of Domestic Violence Act[3] on June 22, 2022.[4] The FRO barred defendant from plaintiff's residence and employment, and identified other protected parties, such as plaintiff's sister and brother, and the parties' adult child. Defendant was also ordered to complete a substance abuse evaluation, a psychiatric evaluation, and a batterer's intervention program. Defendant did not appeal the order.

On October 4, 2022, defendant filed an application containing detailed complaints against the trial court and counsel, and seeking relief from various orders entered under the FM and FV cases. By order dated October 18, 2022, a

---

[3] N.J.S.A. 2C:25-17 to -35.

[4] FV-03-1946-22.

second Family Part judge declared defendant a vexatious litigant, characterizing defendant's "pattern of filing repeated frivolous motions" as a "mockery" and intended to "harass and annoy the plaintiff and exhaust her financial resources." The judge established a motions protocol which required plaintiff to only respond to defendant's pleadings when directed by the court. In a separate FV order, the judge found defendant did not meet his burden under Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995) and denied defendant's motion to dissolve the FRO.

On September 13, 2023, defendant again sought dismissal of the FRO, citing issues related to child support, attorney's fees, and the sale of the marital home. By order dated November 9, 2023, the second judge denied all defendant's requests, making findings. The court: noted defendant's failure to timely appeal the issuance of the FRO; found defendant failed to demonstrate a change in circumstance to warrant dissolution of the FRO; and found that defendant failed to address any of the Carfagno factors.

Regarding defendant's claim that the court lacked jurisdiction to order the sale of the marital residence pending his bankruptcy, the court cited the bankruptcy order excluding the residence from the bankruptcy estate.

A-1257-23

Turning to defendant's request to reduce child support, the court found defendant:

> failed to comply with the provisions of Rule 5:5-4(a)(3) as . . . [d]efendant has failed to attach the prior [o]rder sought to be modified.  Additionally, [defendant] failed to comply with Rule 5:5-4(a)(4) requiring a copy of his current [c]ase [i]nformation [s]tatement and a copy of the [c]ase [i]nformation [s]tatement previously filed at the time of the entry of the [o]rder.

On November 14, 2023, the court ordered defendant to complete and submit a Free Application for Federal Student Aid and College Scholarship Service (FAFSA) form for all three children.  On November 15, 2023, the court amended paragraph 21 of the November 9 order to include the correct child support amount.[5]

On December 24, 2023, defendant appealed the November 9, November 14, and November 15, 2023 orders.  Defendant seeks:  $350,000 to replace his independent living; his portion of the deferred income accounts; a return of all

---

[5]  The following trial court orders are not appealed but included here for completeness.  On January 29, 2024, finding the issue time barred, the court denied defendant's motion seeking a new trial.  On February 28, 2024, the court denied defendant's motion for reconsideration.  In its order dated March 1, 2024, the court noted both parties were self-represented and established protocols for future litigation.  Seven additional orders each addressing the same relief sought by defendant were denied on March 4, 2024, March 7, 2024, March 12, 2024, March 13, 2024, March 22, 2024, April 4, 2024, and April 11, 2024.

A-1257-23

garnished wages for child support; the termination of future garnishments of his Social Security Income; expungement of the FRO; a reunification plan with his daughters; an accounting of plaintiff's use of derivative funds; the removal of all legal fee awards and financial judgments; psychiatric counseling for plaintiff; the disbarment of plaintiff's former attorneys; $500,000 in damages from plaintiff's former attorneys; the disqualification and removal of both Family Part judges; and a new venue and judge for any further cases.

Defendant contends the trial court erred by: failing to apply certain social security credits to reduce his child support obligation; improperly applying Newburgh[6] to calculate his college obligation; failing to dissolve the FRO; awarding attorney's fees to plaintiff; and issuing other improper orders.

## II.

"We accord 'great deference to discretionary decisions of Family Part judges,' in recognition of the 'family courts' special jurisdiction and expertise in family matters.'" G.M. v. C.V., 453 N.J. Super. 1, 11 (App. Div. 2018) (internal citations omitted). "We are mindful of the deference owed to determinations made by family judges who hear domestic violence cases." Ibid. "[F]indings by the trial court are binding on appeal when supported by adequate, substantial,

---

[6] Newburgh v. Arrigo, 88 N.J. 529 (1982).

 A-1257-23

credible evidence." Ibid. (citing Cesare v. Cesare, 154 N.J. 394, 411-12 (1998)).

"'When reviewing decisions granting or denying applications to modify child support, we examine whether, given the facts, the trial judge abused his or her discretion.'" J.B. v. W.B., 215 N.J. 305, 325-26 (2013) (quoting Jacoby v. Jacoby, 427 N.J. Super. 109, 116 (App. Div. 2012)). "The trial court's 'award will not be disturbed unless it is manifestly unreasonable, arbitrary, or clearly contrary to reason or to other evidence, or the result of whim or caprice.'" Id. at 326 (quoting Foust v. Glaser, 340 N.J. Super. 312, 315-16 (App. Div. 2001)).

We review a trial court's award of attorneys' fees for abuse of discretion. Garmeaux v. DNV Concepts, Inc., 448 N.J. Super. 148, 155 (App. Div. 2016). Determinations regarding attorneys' fees will be disturbed "only on the rarest of occasions, and then only because of a clear abuse of discretion." Litton Indus., Inc. v. IMO Indus., Inc., 200 N.J. 372, 386 (2009) (quoting Packard-Bamberger & Co., Inc. v. Collier, 167 N.J. 427, 444 (2001)).

## III.

We address two threshold issues. Defendant contends the trial court erred by compelling the sale of the marital home and awarding attorney's fees to

7

plaintiff. We disagree for reasons abundantly clear in the record and add the following brief comment.

"It is a fundamental [principal] of appellate practice that we only have jurisdiction to review orders that have been appealed to us." L.T. v. F.M., 438 N.J. Super. 76, 91 n.5 (App. Div. 2014) (alteration in original) (quoting State v. Rambo, 401 N.J. Super. 506, 520 (App. Div. 2008)); see also 1266 Apartment Corp. v. New Horizon Deli, Inc., 368 N.J. Super. 456, 459 (App. Div. 2004) (stating that "only the judgment or orders designated in the notice of appeal . . . are subject to the appeal process and review").

None of the orders defendant appeals to us compelled the sale of the marital home or awarded plaintiff attorney's fees. As to the sale of the marital home, we note the court rejected defendant's argument that it lacked jurisdiction in its November 9, 2023 order, and indeed authorized the sale in its January 7, 2022 order. As to fees, the court noted in its November 9 and November 14 orders that defendant owed substantial counsel fees from previous orders.[7] None of the orders defendant appeals to us awarded additional fees.

---

[7] The record shows the following attorney fees awards were ordered by the Family Part: $2,785 on March 13, 2022; $4,085 on October 18, 2022; $13,781.76 on January 26, 2023; and $9,113.35 on July 14, 2023.

Because defendant has not appealed the trial court's orders compelling sale of the marital home or granting attorney's fees, we decline to consider those issues here. L.T., 438 N.J. Super at 91 n.5.

Next, defendant argues that the court abused its discretion by not applying certain social security credits to his child support obligation. We are unpersuaded.

The court dismissed defendant's claims related to child support because defendant did not "establish a significant change in circumstances" that would support an application to modify child support, and defendant did not comply with Rules 5:5-4(a)(3)-(4). These important procedural rules require a person seeking modification of a Family Part order to include a copy of the order for which modification is sought and relevant past and current case information statements. See R. 5:5-4(a)(3)-(4). The record shows defendant failed to comply with these threshold requirements, leaving the trial court with no substantive way to even consider the motion. It follows that the Family Part did not abuse its discretion.

Finally, defendant argues that the trial court committed error by not dissolving the FRO. We are unconvinced.

N.J.S.A. 2C:25-29(d) states in pertinent part:

> Upon good cause shown, any final order may be dissolved or modified upon application to the Family Part of the Chancery Division of the Superior Court, but only if the judge who dissolves or modifies the order is the same judge who entered the order or has available a complete record of the hearing or hearings on which the order was based.

"[T]he court must carefully scrutinize the record and carefully consider the totality of the circumstances before removing the protective shield [of the FRO]." Kanaszka v. Kunen, 313 N.J. Super. 600, 605 (App. Div. 1998). Mindful that the purpose of the PDVA is "to protect the victims—not to punish the person who committed the act of domestic violence[,]" an FRO may be vacated "where there is . . . 'a change of circumstances [whereby] the continued enforcement of the injunctive process would be inequitable, oppressive, or unjust, or in contravention of the policy of the law." Carfagno, 288 N.J. Super. at 433-34 (third alteration in original) (quoting Johnson & Johnson v. Weissbard, 11 N.J. 552, 555 (1953)).

Trial courts must conduct a factual inquiry to determine whether "good cause" exists to vacate an FRO by weighing

> (1) whether the victim consented to lift the restraining order; (2) whether the victim fears the defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement

10

with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether another jurisdiction has entered a restraining order protecting the victim from the defendant; and (11) other factors deemed relevant by the court.

[Id. at 434-35.]

"The linchpin in any motion addressed to dismissal of a [FRO] should be whether there have been substantial changed circumstances since its entry that constitute good cause for consideration of dismissal." Kanaszka, 313 N.J. Super. at 609.

"The party asking to modify or dissolve the FRO has the 'burden to make a prima facie showing [that] good cause exists for dissolution of the restraining order prior to the judge fully considering the application for dismissal.'" G.M., 453 N.J. Super. at 12-13 (alteration in original) (quoting Kanaszka, 313 N.J. Super. at 608). The court deciding the motion has the corollary duty to review the transcript of the FRO trial, along with other proofs, prior to deciding whether to dissolve the FRO based on changed circumstances in order to "fully understand the totality of the circumstances and dynamics of the relationship

11

[between the parties] and the application." Kanaszka, 313 N.J. Super. at 606-07.

We turn to the record before us. In its November 9, 2023 order, the trial court found defendant failed to meet his burden to show changed circumstances and failed to address the Carfagno factors. The record shows that defendant simply attempted to reargue the merits of the FRO trial at the Carfagno hearing.

Defendant attempts, on appeal, to address change in circumstances and the Carfagno factors. We decline to review arguments on appeal not made before the trial court. Azzaro v. Bd. of Educ., 477 N.J. Super. 427, 435 n.2 (App. Div. 2023) (citing Selective Ins. Co. of Am. v. Rothman, 208 N.J. 580, 586 (2012)). We find no abuse of discretion in the Family Part's order denying defendant's motion to dissolve the FRO.

Finally, defendant claims, for the first time on appeal, that both trial judges should be disqualified from further proceedings. We are not convinced.

Generally, we do not consider issues not raised before the Family Part "unless the questions so raised on appeal go to the jurisdiction of the trial court or concern matters of great public interest." N.J. Div. of Youth & Fam. Servs. v. B.H., 391 N.J. Super. 322, 343 (App. Div. 2007) (quoting Nieder v. Royal Indem. Ins. Co., 62 N.J. 229 (1973)). "[A]n appellate

court will not reverse an error not brought to the attention of the trial court unless the appellant shows . . . it was 'plain error,' that is, 'error clearly capable of producing an unjust result.'" Ibid. (citing R. 2:10-2). "[A]n appellant faces an especially high hurdle in an appeal . . . to establish that the admission of [unopposed] evidence constitutes 'plain error' . . . ." N.J. Div. of Child Prot. & Perm. v. J.D., 447 N.J. Super. 337, 349-50 (App. Div. 2016) (citations omitted).

While we are mindful that defendant takes issue with the Family Part orders on appeal, we discern in the record no actions or words by either judge which constitute an error clearly capable of producing an unjust result. B.H., 391 N.J. Super. at 343.

Defendant's remaining claims lack sufficient merit to warrant further discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division