# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3465-24

A.F.K.,[1]

    Plaintiff-Respondent,

v.

A.S.M.,

    Defendant-Appellant.

_____

        Argued April 15, 2026 – Decided May 15, 2026

        Before Judges Berdote Byrne and Jablonski.

        On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FV-02-0360-24.

        A.S.M., appellant, argued the cause on appellant's behalf.

        Respondent has not filed a brief.

PER CURIAM

---

[1] We refer to the parties by their initials. R. 1:38-3(d)(10).

Defendant appeals from a June 3, 2025, order denying her motion to dissolve an October 23, 2023, final restraining order ("FRO"). After a review of the record, we vacate the June 3, order and remand to the Family Part for a substantive analysis of the factors under Carfagno v. Carfagno, 288 N.J. Super. 424 (Ch. Div. 1995), and as they apply to a review of defendant's application to dissolve the FRO.

On October 23, 2023, a Family Part judge issued an FRO against defendant. Although defendant was represented by counsel, she failed to appear at the trial and the matter proceeded in her absence. The gravamen of plaintiff's complaint alleged defendant engaged in controlling and abusive behavior towards plaintiff, including threats, and harassment, and violations of the temporary restraining order. The allegations were substantiated and supported by documentary and video evidence. The judge concluded defendant committed predicate acts of harassment and contempt of the domestic violence order warranting entry of the FRO to protect plaintiff and the parties' children. The court dismissed defendant's cross-complaint for lack of prosecution.

Defendant's December 30, 2024, application to dissolve the FRO was denied and she filed the current action seeking similar relief on April 23,

2

2025.[2] At the June 3, 2025, hearing on the motion, defendant argues she was prepared to present "extensive testament of changed circumstances [including] her early termination of probation, her continued rehabilitation and stable employment, her presence in the United States ready to testify, and her desire to reunite with her children."

At the outset of the hearing, the motion judge informed defendant that she would allow her to address any changes that had occurred since her prior application for the same relief, specifically since January 23, 2025. The judge acknowledged that an evaluation had taken place in other litigation which produced results relevant to her parenting time with her children. However, the judge also noted that she did not see anything in defendant's renewed and detailed application that demonstrated any significant changes. The judge reviewed defendant's written application, highlighting certain events, including defendant's guilty plea to a contempt charge and her request for early termination of the probation sentence she had received from it. The judge never permitted defendant to explain or to elaborate on her written submission.

The judge proceeded to list the Carfagno factors and to dispatch with each summarily, again without permitting defendant with the opportunity to

---

[2] We have not been provided with a transcript of these proceedings.

present her arguments. Ultimately, the judge concluded "you have not established a prima facie showing that there's good cause to vacate the [FRO]. I am denying this again. That concludes this matter."

On appeal, and among other arguments, defendant contends the trial court erred in denying the motion to dissolve the FRO because the judge did not address the Carfagno factors substantively, and summarily dismissed defendant's asserted changes in circumstances without giving her an opportunity to be heard and to detail those events. We agree.

N.J.S.A. 2C:25-29(d) requires "good cause" before an FRO "may be dissolved or modified." "The linchpin in any motion addressed to dismissal of a[n] [FRO] should be whether there have been substantial changed circumstances since its entry that constitute good cause for consideration of dismissal." Kanaszka v. Kunen, 313 N.J. Super. 600, 609 (App. Div. 1998). "In evaluating whether good cause has been shown under the statute to modify or dissolve a final order, a court is to consider the non-exclusive list of factors set forth in Carfagno, 288 N.J. Super. at 435." G.M. v. C.V., 453 N.J. Super. 1, 13 (App. Div. 2018).

The Carfagno factors in support of good cause include:

> (1) [w]hether the victim consented to lift the restraining order; (2) whether the victim fears the

defendant; (3) the nature of the relationship between the parties today; (4) the number of times that the defendant has been convicted of contempt for violating the order; (5) whether the defendant has a continuing involvement with drug or alcohol abuse; (6) whether the defendant has been involved in other violent acts with other persons; (7) whether the defendant has engaged in counseling; (8) the age and health of the defendant; (9) whether the victim is acting in good faith when opposing the defendant's request; (10) whether other jurisdiction[s have] entered a restraining order protecting the victim from the defendant; and (11) [all] other factors deemed relevant by the court.

[G.M. v. C.V., 453 N.J. Super. at 13 (quoting Carfagno, 288 N.J. Super. at 435).]

We acknowledge the purpose of the good cause requirement for dissolving an FRO is to prevent one party from "relitigate[ing] the FRO hearing." Id. at 16; see also Kanaszka, 313 N.J. Super. at 608 (noting repeated litigating of issues underlying an FRO "can constitute a form of abusive and controlling behavior"). "The party asking to modify or dissolve the FRO has the 'burden to make a prima facie showing [that] good cause exists for dissolution of the restraining order prior to the judge fully considering the application for dismissal.'" G.M., 453 N.J. Super. at 12-13 (alteration in the original) (quoting Kanaszka, 313 N.J. Super. at 608). "[W]here this burden is met and there are 'facts in dispute material to a resolution of the motion,'" the

judge should order a plenary hearing. Id. at 13 (quoting Kanaszka, 313 N.J. Super at 608). Regardless of whether a judge conducts a plenary hearing, "the Carfagno factors should be considered in determining whether the movant had shown a prima facie case of changed circumstances to dissolve the restraints." Id. at 14.

Having reviewed the record, we conclude the judge did not undertake any substantive consideration of the Carfagno factors as part of her finding that defendant failed to show a prima facie case of changed circumstances sufficient to warrant a plenary hearing dissolve the FRO. In the absence of that analysis, we are unable to determine whether the judge's denial of defendant's motion to dissolve the FRO was proper.

In her brief and during oral argument before us, defendant set forth her proffer regarding the evidence she attempted to present to the trial judge, but was unable to do so. She specifically noted what she described as "extensive" changed circumstances, including her early termination from probation following her contempt conviction, her ongoing rehabilitation and stable employment, her continued presence in the United States, and her desire to reunite with her children. Rather than allowing an exploration of these representations, the trial court summarily cut her off, thereby precluding any

6

substantive analysis that could have been used to assess the <u>Carfagno</u> elements and determine whether defendant had established a prima facie entitlement to the relief she requested.

Therefore, we vacate the judge's order denying defendant's motion to dissolve the FRO and remand for further analysis under <u>Carfagno</u>. We express no opinion on the merits of defendant's motion to dissolve the FRO and leave it to the Family Part judge's discretion whether to allow the parties to present any further submissions.

Finally, to preserve the impartiality of the proceedings, on remand, this matter shall be assigned to another Family Part judge for disposition. <u>See</u> <u>Freedman v. Freedman</u>, 474 N.J. Super. 291, 308 (App. Div. 2023). The FRO shall remain in effect pending the remand proceeding.

Vacated and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Hanley

Clerk of the Appellate Division

A-3465-24